UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MIGUEL MILLER,                )
                              )
            Petitioner,       )
v.                            )    No. 2:11-cv-027-JMS-WGH
                              )
BRUCE LEMMON,                 )
                              )
            Respondent.       )

**Entry Discussing Petition for Writ of Habeas Corpus**

Miguel Miller is entitled to the writ of habeas corpus he seeks with respect to the disciplinary proceeding he challenges only if the court finds that he Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied**.

**Background**

The pleadings and the expanded record in this action establish the following:

1.      Miller is confined at an Indiana prison. In a proceeding identified as No. ISF 10-10-0077, he was charged with trafficking. This charge was based on an incident which occurred on October 9, 2010.

2.      Miller was provided with a copy of the charge and notified of his procedural rights in connection with the matter. A hearing was conducted on October 19, 2010, at which Miller was present and made a statement. After considering this statement and the other evidence including staff reports, the video review report and the backup statement, the hearing officer found Miller guilty of attempted trafficking. He was then sanctioned.

3. At the first level of his administrative appeal, Miller's conviction was affirmed and his appeal was denied by Superintendent Lemmon. Superintendent Lemmon did not reduce the sanction imposed by the hearing officer.

4. At the second level of his administrative appeal, Miller's conviction was affirmed. However, the Final Reviewing Authority, Mr. Penfold, first reduced the earned credit time deprivation to 60 days, and after further review reduced the earned credit time deprivation to 30 days.

5. Miller now contends that the disciplinary proceeding is tainted by constitutional error. His specific claims are that: 1) there was insufficient evidence to support his conviction; 2) the offense charged was modified at his hearing; and 3) his hearing was improperly postponed.

## Discussion

When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Miller was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

"The best way to conduct analysis under ' 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision.@ *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Miller received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Miller was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and Superintendent Lemmon issued sufficient statements of their findings, and (3) the hearing officer and Superintendent Lemmon issued written reasons for their decisions and for the sanctions which were imposed.

Miller≃s arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

- Miller≃s first claim is that there was insufficient evidence to support his attempted trafficking conviction. His second claim is that he was initially written up for trafficking and it was modified to attempting to traffic at his hearing even though "[n]othing was recovered in the facility, nor on my, or Ms. Hetterschiedt's person, therefore nothing was either traffic[k]ed, or attempted." ATrafficking @ is defined by the applicable prison code as: AEngaging in trafficking (as defined in IC 35-44-3-9) with anyone who is not an offender residing in the same facility@ and "Conspiracy/Attempting/Aiding or Abetting" is "Attempting or conspiring or aiding and abetting with another to commit any Class A offense." The evidence Superintendent Lemmon considered was sufficient in this case. He considered the staff report, the offender statement, the back-up statement, the segregation report and the video review report. From these sources he concluded that Miller accepted a package passed off to him by a visitor. In finding the evidence constitutionally sufficient under *Hill,* the court does not accord Superintendent Lemmon≃s findings a presumption of correctness, but only examines the record to determine whether the evidence was insufficient as a matter of law. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board≃s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

- Miller's third claim is that his hearing was improperly postponed. The expanded record shows that this claim was not included in Miller≃s administrative appeal. This claim has therefore not been preserved for consideration here. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). Miller could overcome this procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Despite Miller's arguement: "Athough Petitioner may have failed to exhaust his appeal of this evidence on the initial claim, but [sic] that doesn't allow the Hearing Board to break their own rules," he has not, however, made a showing to overcome his procedural default. Apart from this procedural impediment, moreover, this final claim is simply that a prison policy was violated. The mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v.*

*McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). Miller is not entitled to relief based on this third claim.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Miller to the relief he seeks. *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)(Aas long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent.@). Miller's argument that the administrative modification of his sanctions was not proper once this action had been filed is unpersuasive. *Macktal v. Chao,* 286 F.3d 822, 825 (5th Cir. 2002)(A[I]t is generally accepted that in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions.@) (collecting cases). Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/15/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana